# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN ALBERT BOLTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-0587-F |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>TEMPORARY RESTRAINING ORDER</u>

"Plaintiff's Motion for Temporary Restraining Order and/or Permanent Injunction," filed May 30, 2006, is before the court. (Doc. no. 2) Defendant has filed a written response objecting to the motion and a full hearing was held today on the motion.

Although the motion refers to both a temporary restraining order and a permanent injunction, the only aspect of the motion now before the court is the request for a temporary restraining order. Specifically, plaintiff seeks a temporary restraining order prohibiting the State of Oklahoma from executing plaintiff using the challenged protocol for administering a lethal injection. Absent relief, plaintiff's execution is scheduled for 6 p.m. today. Plaintiff moves for a temporary restraining order under Rule 65, Fed. R. Civ. P.

The criteria for entry of a TRO with notice or a preliminary injunction are the same. *See*, <u>Kansas Hospital Association v. Whiteman</u>, 835 F. Supp. 1548, 1551 (D. Kan. 1993) (noting that to obtain a temporary restraining order or a preliminary injunction the movant has the burden of establishing four criteria). As restated in that case from Tenth Circuit authorities, the movant has the burden of establishing that 1)

Dockets.Justia.com

the party seeking the order will suffer irreparable injury unless the injunction issues, 2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party, 3) the injunction, if issued, would not be adverse to the public interest, and 4) there is a substantial likelihood that the moving party will eventually prevail on the merits. *Id*. at 551-52.

If the moving party satisfies the first three elements, the standard for meeting the fourth requirement, likelihood of success on the merits, generally becomes more lenient. *Id*. at 552. In such a case, the movant need only show that the issues are so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation. *Id*. These standards are well established by numerous Tenth Circuit cases, including Star Fuel Marts, LLC v. Sam's East, Inc., 362 F.3d 639, 653 (10th Cir. 2004). In Star Fuel Marts the Tenth Circuit stated, "The Tenth Circuit has adopted the Second Circuit's liberal definition of probability of success. Accordingly, where the moving party has established that the three harm factors tip decidedly in its favor, the probability of success requirement is relaxed. In such cases, the movant need only show questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." *Id*. at 652-533, citations and quotations omitted.

Additionally, in Nelson v. Campbell, 541 U.S. 637 (2004), the Supreme Court stated that a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim similar to the claim brought in the instant case. *Id*. at 649-50. In Nelson, the Supreme Court further noted that the state has a significant interest in enforcing its criminal judgments and that there is a strong equitable presumption against the grant of a stay where a claim could have been

brought at such a time as to allow consideration of the merits without requiring entry of a stay. *Id.* In reaching the determinations stated in this order, the court has applied the requirements of <u>Nelson v. Campbell</u>. Indeed, the requirements of <u>Nelson v. Campbell</u> temper the court's consideration of the criteria described below.[1]

### 1. Irreparable Injury

Plaintiff's alleged injury is the "conscious suffering and pain by the condemned inmate" which plaintiff asserts he will suffer during his execution if the State of Oklahoma proceeds with its execution by lethal injection protocols. (Complaint, p. 2, ¶ 3.) Plaintiff alleges that Oklahoma's lethal injection protocol "does not in fact result in a quick, painless death; but rather implementation of the protocol carries a very high risk that Plaintiff will be paralyzed during the process and suffer excruciating pain while being unable to communicate or move." (Complaint, p. 6, ¶ 19.) Plaintiff further alleges "a significant risk of agonizing and prolonged pain during the execution process which will deprive plaintiff of his rights under the Fifth, Eight, and Fourteen Amendments to the United States Constitution to be free from cruel and unusual punishment." (Complaint, pp. 6-7, ¶ 21.)

The court finds and concludes that the alleged injury which would be suffered by plaintiff if temporary injunctive relief is denied, is a painful and grave physical injury which, once inflicted, it would be impossible for the State or the courts to repair or redeem. Few injuries could be considered to be more "irreparable" to a person than an injury occurring during that person's execution. The court therefore finds and

---

[1] It should be noted preliminarily that the court, being conscious of the Tenth Circuit's May 30, 2006 Amended Order in No. 06-6174 in that court, concludes that the "speculative" element of plaintiff's challenge, as discussed in the final portion of that order, has now been alleviated by the filing of this action, and the submission of substantial supporting evidentiary materials.

concludes that the first requirement for temporary injunctive relief, irreparable injury, has been established.  It further finds that this first criterion weighs heavily in favor of granting temporary injunctive relief.

### 2.  Threatened Injury as Balanced With Damage
### Injunctive Relief may Cause the State

As just stated, plaintiff's alleged injury is an extremely serious and painful physical injury which plaintiff claims he will suffer during his execution.  Balanced against plaintiff's alleged physical injury is the injury which would be incurred by the State as a result of temporary  injunctive relief.  The primary injury which the State will suffer in the event a TRO is entered is a delay in the execution of plaintiff's sentence, and the considerable burdens and costs associated with that delay.  On the other hand, if the court ultimately determines this action in favor of the plaintiff, then the State's interest in the *constitutional* execution of its condemned criminals is served, which is an important state interest.  For these reasons, the court finds and concludes that in these circumstances, the threatened injury to the plaintiff outweighs the damage which a TRO might cause to the State of Oklahoma, so that the second requirement for temporary injunctive relief is met.

### 3.  The Injunction's Impact on the Public Interest

The public has an interest in the expeditious carrying out of a sentence of execution.  The public also has an interest in issues such as those raised by the complaint being raised in a timely manner rather than on the eve of execution as is the case here so that the issues may be resolved in as orderly and as considered a manner possible.  As recognized by the Tenth Circuit in its recent Amended Order denying a stay of execution in Mr. Boltz's case, the state has an interest in the timely carrying out of its final criminal judgments and the public has an interest in a criminal justice

-4-

system which works as prescribed by its elected representatives without manipulative disruptions caused by eleventh hour claims which could have been asserted earlier. (Circuit's Amended Order, No. 06-6174, at p. 9.)  Furthermore, if injunctive relief is granted, the family of the victim of Mr. Boltz's crime will suffer the inevitable trauma of a last-minute delay of Mr. Boltz's execution.

These public interests are substantial, so substantial that, as previously noted, the Supreme Court has stated that a district court must consider the extent to which the inmate has delayed unnecessarily in bringing the claim.  Nelson v. Campbell, 541 U.S. at 649-50 (2004).  The public also has an interest, however, in the constitutional execution of its condemned criminals.  The public has an interest in the orderly judicial consideration of the types of issues raised in this action.

At the hearing held on this date, plaintiff's counsel adequately explained, even if barely so, the delay in bringing this action.  Plaintiff has not had the benefit of any provision (even though not constitutionally required) for compensated counsel to assert the claims he now asserts.  Moreover, the judicial and scientific development of the factual and legal basis for the challenge now before the court is of only recent vintage.  The defendants complain most emphatically of the delay since the Supreme Court's denial of certiorari on March 27, 2006.  Measured against that period of delay, the equities of the matter cannot be said to clearly preponderate against a grant of provisional relief.  The court's consideration of plaintiff's motion is indeed affected by the Supreme Court's emphatic admonition in Nelson v. Campbell.  At this juncture, the court concludes that plaintiff has cleared that hurdle.  The matter awaits orderly consideration on the merits.

In the circumstances of this case, the court finds and concludes that the third requirement for temporary injunctive relief is met because a temporary injunction is not adverse to the public interest.

### 4. Likelihood that Plaintiff will Prevail on the Merits

The court has found that plaintiff satisfies the first three requirements for temporary injunctive relief. It now finds that these first three elements "tip decidedly in favor of temporary injunctive relief." Star Fuel Marts, LLC v. Sam's East, Inc., 362 F.3d at 653 (10th Cir. 2004). Accordingly, the court applies a more lenient standard with regard to the fourth requirement. *Id.* To meet this fourth requirement, plaintiff need only show that the issues are so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation. *Id.*

Issues involving the constitutionality of protocols for execution are serious and substantial issues. They are also difficult and doubtful issues, as evidenced by the difference of opinion expressed by other courts, both state and federal, in decisions which have recently considered such issues. *See, e.g.*, the divided views of the Sixth Circuit as stated in Alley v. Little, 2006 WL 1313365 (6th Cir. 2006) and in the dissent to the rehearing en banc in that case, 2006 WL 1320433 (6th Cir. 2006).

Having reviewed the Complaint, and being generally aware of the currently divided views of other courts regarding the merit of claims similar to those made by plaintiff in this action, the court finds and concludes that the allegations asserted in this action are a fair ground for litigation. Accordingly, the fourth requirement for temporary injunctive relief is met.

### 5. Status of Hill as Additional Ground for Injunctive Relief

Finally, the court notes the status of Hill v. McDonough, No. 05-8794, as a factor supporting temporary injunctive relief. Hill concerns whether a civil rights

-6-

action is cognizable as a § 1983 action or must be re-characterized as a successive habeas petition under § 2254.  At least one other court has entered a preliminary injunction in a case raising claims similar to the claims in this action, enjoining a scheduled execution until the Supreme Court decides <u>Hill</u> and stating that a decision is expected before June 30, 2006.  (Plaintiff's first supplemental brief, Ex. 3, attaching Memorandum Order of May 9, 2006 entered in <u>Jackson v. Stanley Taylor, et al.</u>, CIV-06-0300, U.S. District of Delaware.)

Conclusion

Despite the burdens which a delay in Mr. Boltz's execution will cause, the criteria required for temporary injunctive relief are present in this case.  A temporary restraining order prohibiting the defendants from proceeding with Mr. Boltz's execution, and thereby preserving the status quo until such time as the court can rule on a motion for preliminary injunction, will serve the interests of justice.  A temporary restraining order will allow the court to hear the issues in a more developed and orderly fashion, which is, at this juncture, an overriding concern.

Therefore, even presuming a strong equitable presumption against a restraining order because this case is arguably a last-minute manipulation of the judicial process, the court finds and concludes that the motion for a temporary restraining order should be granted and that the defendants should be temporarily restrained from executing Mr. Boltz through June 28, 2006.  To this extent, plaintiff's motion for a temporary restraining order is **GRANTED**.  The defendants are hereby restrained from executing John Albert Boltz until a date after June 28, 2006, the date on which plaintiff's motion for a preliminary injunction will be heard at 9 a.m.    In open court, the court established a briefing schedule.  Counsel are reminded that their yet-to-be filed brief

should address the issue of whether there is any basis, in any event, for further delay of the execution (as distinguished from relief addressed to the *method* of execution).

Dated this 1st day of June, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0587p005(pub).wpd

-8-